## 39803. MITCHELL v. THE STATE.

FRANKUM, Judge. Where a consignor delivered property for the purpose of sale to a consignee under an oral agreement that the consignee was to hold and remit to the consignor the wholesale price of the property at designated times after the sale thereof, but where subsequently to such agreement the consignor accompanied the consignee to a bank and consented to the consignee's executing a bill of sale to secure debt to the bank transferring title to the property in question for the purpose of securing a loan; and where the consignor further signed as surety on the note evidencing the debt, the actions of the consignor were inconsistent with and abrogated the previous oral contract of consignment because the contract of consignment presupposed that legal title would remain in the consignor until payment for the goods delivered under the consignment. The relationship between the consignor and consignee was converted by such acts of the consignor to that of debtor and creditor. Consequently, in this case the evidence showing the foregoing facts was insufficient to support a conviction of the defendant under an indictment which charged him with larceny after trust, in that he converted the proceeds of the sale of the property in question, title to which was alleged in the indictment to have been in the consignor, since the evidence showed that title to the property was in the bank, and the failure of the defendant to pay the consignor the price thereof amounted to the mere failure of the defendant to pay a debt.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*
DECIDED JANUARY 25, 1963.

*Robert E. Lanyon,* for plaintiff in error.
*William M. West, Solicitor General, Jack J. Gautier,* contra.